UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **EMILIO ENRIQUE TAYLOR** | **CIVIL ACTION NO. 18-1291** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **POLICE DEPT. OF SHREVEPORT** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Emilio Enrique Taylor, proceeding pro se and in forma pauperis, filed this proceeding on October 2, 2018, under 42 U.S.C. § 1983. He names the Shreveport Police Department as Defendant.[1] For the following reasons, it is recommended that Plaintiff's claims be dismissed with prejudice.

**Background**

Plaintiff was arrested and charged with several crimes, including attempted second degree murder, armed robbery, and possession of a firearm by a convicted felon, relating to a shooting that occurred in December of 2017.[2] [doc. # 5, pp. 2-6]. Plaintiff alleges that, on July 17, 2018, Detective C.S. Heard committed perjury when he described Plaintiff's actions as malicious and testified that the "incident took place in [an] alley and not in [Plaintiff's] backyard." [doc. # 1, pp. 3-4]. He alleges further that the Shreveport Police Department "intentionally used" Detective Heard, "the only officer that gave false testimony," as its witness. Plaintiff seeks $2,000,000.00, and he asks the Court to dismiss all of his charges. *Id.* at 5.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] TELEPHONE CALLS TO CADDO PARISH CLERK OF COURT, October 12, 2018, and CADDO PARISH DISTRICT ATTORNEY, October 15, 2018.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Entity Not Amenable to Suit**

Plaintiff names the Shreveport Police Department as Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Shreveport Police Department does not qualify as a juridical person. See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."). Accordingly, Plaintiff's claims

against this entity should be dismissed.

**3. Perjurious Testimony**

Plaintiff does not explicitly name Detective C.S. Heard as a Defendant, but he does allege that Detective Heard lied under oath. [doc. #s 1, pp. 3-4; 5, p. 1]. "Police officers are absolutely immune from liability for their allegedly perjurious testimony." *Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006); see *Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994). Thus, to the extent Plaintiff seeks compensation from Detective Heard, his claim should be dismissed.

**4. Habeas Corpus Relief**

As noted, Plaintiff is charged with several crimes, including attempted second degree murder, armed robbery, and possession of a firearm by a convicted felon.[4] Those charges remain pending. *Id.* In the instant proceeding, Plaintiff asks the Court to dismiss all charges. [doc. # 1, p. 5].

Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[5] Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is

---

[4] TELEPHONE CALLS TO CADDO PARISH CLERK OF COURT, October 12, 2018, and CADDO PARISH DISTRICT ATTORNEY, October 15, 2018.

[5] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, this claim should be dismissed.

The Court cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[6] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[7] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

---

[6] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[7] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Emilio Enrique Taylor's claims for monetary compensation be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for dismissal of all charges be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs right to pursue habeas corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 15th day of October, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE